James Martin
735 ½ Center Street
Shelbyville, IN 46176
Phone: (home): (317) 604-5323
Phone: (cellular): (317) 512-6229
Email: jamesamartin3@gmail.com

FILED
**08/18/2021**
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Roger A.G. Sharpe, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

---

JAMES MARTIN, on behalf of himself as Pro-se

    Plaintiff,

       -against-

TRI-STATE VALET, INC.

    Defendant,

Case No.:   1:21-cv-02287-SEB-TAB
**ADA WEBSITE ACTION COMPLAINT**

JURY TRIAL DEMANED

---

Plaintiff, JAMES MARTIN (hereinafter, "Plaintiff"), on behalf asw Pro-se hereby files this Plaintiff ADA Website Action Complaint against Defendant, TRI-STATE VALET, INC. , and states as follows

### INTRODUCTION

This plaintiff action seeks to put an end to systemic civil rights violations committed by Defendant TRI-STATE VALET, INC. (hereafter collectively as "Tri-State" or "Defendant"), against the blind across the United States. Defendant is denying blind individuals throughout the United States equal access to the goods and services Tri-State provides to its non-disabled

customers through http://www.Tristateparking.us (hereafter "Tri-State.us" or "the website").

Tri-State.us provides to the public a wide array of the goods, services, price discounts, employment opportunities and other programs offered by Tri-State. Yet, Tri-State.us contains thousands of access barriers that make it difficult if not impossible for blind customers to use the website. In fact, the access barriers make it impossible for blind users to even complete a transaction on the website. Tri-State thus excludes the blind from the full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common marketplace and daily living. In the wave of technological advances in recent years, assistive computer technology is becoming an increasingly prominent part of everyday life, allowing blind people to fully and independently access a variety of services, including online shopping.

2. Plaintiff is a partially blind individual caused by his diabetes. He brings this civil rights plaintiff action against Defendant for failing to design, construct, and/or own or operate a website that is fully accessible to, and independently usable by, blind people.

3. Specifically, Tri-State.us has many access barriers preventing blind people to independently navigate and complete a purchase using assistive computer technology.

4. Plaintiff uses the terms "blind person" or "blind people" and "the blind" to refer to all persons with visual impairments who meet the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200. Some blind people who meet this definition have limited vision. Others have no vision.

5. Approximately 8.1 million people in the United States are visually impaired, including 2.0 million who are blind. There are approximately 400,000 visually impaired persons in Indiana State.

6. Many blind people enjoy online shopping just as sighted people do. The lack of an accessible website means that blind people are excluded from the rapidly expanding self-service retail economy and from independently accessing this ever-popular website.

7. Despite readily available accessible technology, such as the technology in use at other heavily trafficked retail websites, which makes use of alternative text, accessible forms, descriptive links, resizable text and limits the usage of tables and javascript, Tri-State has chosen to rely on an exclusively visual interface, including drop down menus and checkboxes that are inaccessible. Tri-State's sighted customers can independently browse, select, and buy products online without the assistance of others. However, blind people must rely on sighted companions or strangers to assist them in accessing and buying goods on Tri-State.us. Blind people must necessarily disclose personal information, including their credit card information, to these other individuals in order to complete transactions.

8. By failing to make their website accessible to blind persons, Tri-State is violating basic equal access requirements under both state and federal law.

9. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. Such discrimination includes barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by websites and other public accommodations that are inaccessible to blind and visually impaired persons. Similarly, Indiana state law requires places of public accommodation to ensure access to goods, services and facilities by making reasonable accommodations for persons with disabilities.

10. Defendant violated statutes enacted in each of the fifty states and the District of Columbia (hereafter, "Tri-State States") that are designed to protect disabled persons, including blind persons, against unlawful discriminatory practices. These statutes are:

   i. Indiana Civil Rights Law, Indiana Code Ann. §§ 22-9-1-2, *et seq.*;

11. Plaintiff browsed and was researching the company at Tri-State.us. However, unless Defendant remedies the numerous access barriers on its website, Plaintiff will continue to be unable to independently navigate, browse, use and complete a transaction on Tri-State.us.

12. This complaint seeks declaratory and injunctive relief to correct Tri-State's policies and practices to include measures necessary to ensure compliance with federal and state law and to include monitoring of such measures, to update and remove accessibility barriers on Tri-State.us so that Plaintiff of customers who are blind will be able to independently and privately use Defendant's website. This complaint also seeks compensatory damages to compensate Plaintiff for having been subjected to unlawful discrimination.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction of this action pursuant to:

   a. 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiff's claims arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, ("ADA"); and

14. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims under the Indiana State Human Rights Law

15. Venue is proper in the Southern District of Indiana pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

Case 1:21-cv-02287-SEB-TAB Document 1 Filed 08/18/21 Page 5 of 15 PageID #: 5

16. Defendant is registered to do business in Indiana State and has been doing business in Indiana State, including the Southern District of Indiana . Defendant maintains Services in Indiana State as a valet service company They are subject to personal jurisdiction in this District. Defendant also has been and is committing the acts alleged herein in the Southern District of Indiana , has been and is violating the rights of consumers in the Southern District of Indiana , and has been and is causing injury to consumers in the Southern District of Indiana . A substantial part of the acts and omissions giving rise to Plaintiff's claims have occurred in the Southern District of Indiana . Specifically, Plaintiff attempted to review services and items on Defendant's website Tri-State.us in Indiana County.

## PARTIES

17. Plaintiff, JAMES MARTIN, is and has been at all times material hereto a resident of Shelbyville, Indiana and has been for over 54 years.

18. Plaintiff JAMES MARTIN is legally blind under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101 *et seq.*, the Indiana State Human Rights Law and the Indiana City Human Rights Law. Plaintiff has terrible light perception and is partially blind due to his diabetes. Plaintiff cannot use a computer without the assistance of screen reader software. Plaintiff has been denied the full enjoyment of the facilities, goods and services of Tri-State.us, as well as to the facilities, goods and services of Tri-State's retail Services , as a result of accessibility barriers on Tri-State.us. Most recently in August 2021, Plaintiff attempted to research the services offered by the defendant, but due to the inaccessibility of the website. The inaccessibility of Tri-State.us has deterred him.

19. Defendant TRI-STATE VALET, INC. is an American for-profit corporation organized under the laws of Kentucky, with a principal executive office at Tri-State Parking Jeff Feldhaus, President 515 Monmouth Street Suite 101 Newport, KY 41071

20. Defendant TRI-STATE VALET, INC. is registered to do business in Indiana State.

21. Defendant owns and operates valet company that offers services on-line (hereafter "Tri-State Services "), which are places of public accommodations. These Services provide to the public important goods, such as valet services for all types of events. Tri-State also provides to the public a website service known as Tri-State.us. Among other things, Tri-State.us provides access to the array of goods and services offered to the public by Tri-State, including special pricing offers and other benefits related to these goods and services. The inaccessibility of Tri-State.us has deterred Plaintiff from shopping at Tri-State.

22. Plaintiff, on behalf of himself and others similarly situated seeks full and equal access to the goods and services provided by Tri-State through Tri-State.us.

## FACTUAL ALLEGATIONS

23. Tri-State operates Tri-State Services ,offering valet services. Tri-State.us is owned, controlled and/or operated by Tri-State.

24. Tri-State.us is a commercial website that offers products and services for online sale and home delivery that are available in Tri-State retail Services . The online store allows the user to browse products, product descriptions and prices; view sale items and discounts for online shopping; redeem promo codes for use on Tri-State.us;

purchase items for home delivery; order gift cards; find retail store locations; and perform a variety of other functions.

25. This case arises out of Tri-State's policy and practice of denying the blind access to Tri-State.us, including the goods and services offered by Tri-State Services through Tri-State.us. Due to Tri-State's failure and refusal to remove access barriers to Tri-State.us, blind individuals have been and are being denied equal access to Tri-State Services, as well as to the numerous goods, services and benefits offered to the public through Tri-State.us.

26. Tri-State denies the blind access to goods, services and information made available through Tri-State.us by preventing them from freely navigating Tri-State.us.

27. The Internet has become a significant source of information for conducting business and for doing everyday activities such as shopping, banking, etc., for sighted and blind persons.

28. The blind access websites by using keyboards in conjunction with screen-reading software which vocalizes visual information on a computer screen. Except for a blind person whose residual vision is still sufficient to use magnification, screen access software provides the only method by which a blind person can independently access the Internet. Unless websites are designed to allow for use in this manner, blind persons are unable to fully access Internet websites and the information, products and services contained therein.

29. There are well-established guidelines for making websites accessible to blind people. These guidelines have been in place for at least several years and have been followed successfully by other large business entities in making their websites accessible.

The Web Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the leading standards organization of the Web, has developed guidelines for website accessibility. The federal government has also promulgated website accessibility standards under Section 508 of the Rehabilitation Act. These guidelines are readily available via the Internet, so that a business designing a website can easily access them. These guidelines recommend several basic components for making websites accessible, including, but not limited to: adding invisible alt-text to graphics; ensuring that all functions can be performed using a keyboard and not just a mouse; ensuring that image maps are accessible, and adding headings so that blind people can easily navigate the site. Without these very basic components a website will be inaccessible to a blind person using a screen reader.

30. Tri-State.us contains access barriers that prevent free and full use by blind persons using keyboards and screen reading software. These barriers are pervasive and include, but are not limited to: the lack of alt-text on graphics, inaccessible forms, the lack of adequate prompting and labeling; the denial of keyboard access; and the requirement that transactions be performed solely with a mouse.

31. Alternative text ("Alt-text") is invisible code embedded beneath a graphical image on a website. Web accessibility requires that alt-text be coded with each picture so that a screen reader can speak the alternative text while a sighted user sees the picture. Alt-text does not change the visual presentation except that it appears as a text pop-up when the mouse moves over the picture. There are many important pictures on Tri-State.us that lack a text equivalent. The lack of Alt-text on these graphics prevents screen readers from accurately vocalizing a description of the graphics. (Screen readers detect and vocalize Alt-text to provide a description of the image to a blind computer user.) As a result, blind Tri-State customers are unable to determine what is on the website, browse the site, look for Tri-State locations, investigate Tri-State programs, specials and coupons, and/or make any purchases.

32. Tri-State.us also lacks prompting information and accommodations necessary to allow blind shoppers who use screen readers to locate and accurately fill-out online forms to request services.

33. Similarly, Tri-State.us lacks accessible forms including check boxes and drop-down menus. Check boxes and drop-down menus allow customers to locate and choose services Due to the complete lack of accessibility of these forms, blind customers cannot choose and purchase the products they want since they are stopped from doing so..

34. Tri-State.us requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Tri-State.us's inaccessible design, which requires the use of a mouse to complete a transaction, denies blind Tri-State customers the ability to independently make purchases on Tri-State.us.

35. Due to Tri-State.us's inaccessibility, blind Tri-State customers must in turn spend time, energy, and/or money to make their purchases at a Tri-State store. Some blind customers may require a driver to get to the store or require assistance in navigating the store. By contrast, if Tri-State.us was accessible, a blind person could independently investigate products and programs and make purchases via the Internet as sighted individuals can and do.

36. Tri-State.us thus contains access barriers which deny full and equal access to Plaintiff, who would otherwise use Tri-State.us and who would otherwise be able to fully and equally enjoy the benefits and services of Tri-State Services in Indiana State.

37. As described above, Plaintiff has actual knowledge of the fact that Defendant's website, Tri-State.us contains access barriers causing the website to be inaccessible, and not independently usable by, blind and visually impaired individuals.

38. These barriers to access have denied Plaintiff full and equal access to, and enjoyment of, the goods, benefits and services of Tri-State.us and Tri-State Services.

39. Tri-State engaged in acts of intentional discrimination, including but not limited to the following policies or practices:

   (a) constructed and maintained a website that is inaccessible to blind members with knowledge of the discrimination; and/or

   (b) constructed and maintained a website that is sufficiently intuitive and/or obvious that is inaccessible to blind; and/or

   (c) failed to take actions to correct these access barriers in the face of substantial harm and discrimination to blind.

40. Tri-State utilizes standards, criteria or methods of administration that have the effect of discriminating or perpetuating the discrimination of others.

## FIRST CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* — Title III of the Americans with Disabilities Act) (on behalf of Plaintiff)

41. Plaintiff realleges and incorporates by reference the foregoing allegations as if set forth fully herein.

42. Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12182(a), provides that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." Title III also prohibits an entity from "[u]tilizing standards or criteria or methods of administration that have the effect of discriminating on the basis of disability." 42 U.S.C. § 12181(b)(2)(D)(I).

43. Tri-State Services located in Indiana State and throughout the United States are sales establishments and public accommodations within the definition of 42 U.S.C. § 12181(7)(E). Tri-State.us is a service, privilege or advantage of Tri-State Services . Tri-State.us is a service that is by and integrated with these Services .

44. Defendant is subject to Title III of the ADA because it owns and operates Tri-State Services .

45. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(I) it is unlawful discrimination to deny individuals with disabilities or a plaintiff of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

46. Under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a plaintiff of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

47. Specifically, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(II), unlawful discrimination includes, among other things, "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations."

48. In addition, under Title III of the ADA, 42 U.S.C. § 12182(b)(2)(A)(III), unlawful discrimination also includes, among other things, "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden."

49. There are readily available, well established guidelines on the Internet for making websites accessible to the blind and visually impaired. These guidelines have been followed by other large business entities in making their website accessible, including but not limited to: adding alt-text to graphics and ensuring that all functions can be performed using a keyboard. Incorporating the basic components to make their website accessible would neither fundamentally alter the nature of Defendant's business nor result in an undue burden to Defendant.

50. The acts alleged herein constitute violations of Title III of the ADA, 42 U.S.C. § 12101 *et seq.*, and the regulations promulgated thereunder. Patrons of Tri-State Services who are blind have been denied full and equal access to Tri-State.us, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons.

51. Defendant has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

52. As such, Defendant discriminates, and will continue in the future to discriminate against Plaintiff on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, accommodations and/or opportunities of Tri-State.us and Tri-State Services in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 *et seq.* and/or its implementing regulations.

53. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiff will continue to suffer irreparable harm.

54. The actions of Defendant were and are in violation of the ADA and therefore Plaintiff invokes his statutory right to injunctive relief to remedy the discrimination.

55. Plaintiff is also entitled to reasonable fees and costs.

64. Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiff prays for judgment as set forth below.

WHEREFORE, Plaintiff prays for judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests relief as follows:

- A preliminary and permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12182,
- A preliminary and permanent injunction requiring Defendant to take all the steps necessary to make its website, Tri-State.us, into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that Tri-State.us is readily accessible to and usable by blind individuals;
- A declaration that Defendant owns, maintains and/or operates its website, Tri-State.us, in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by Americans with Disabilities Act, 42 U.S.C. §§ 12182, *et seq.*,
- Compensatory damages in an amount to be determined by proof, including all applicable statutory damages and fines, to Plaintiff for violations of their civil rights under Indiana State Human Rights Law and City Law;
- Plaintiff's reasonable fees, expenses, and costs of suit as provided by state and federal law;

- For pre and post-judgment interest to the extent permitted by law; and
- Such other and further relief as the Court deems just and proper.

DATED: August 16th, 2021

*[signature]*

RESPECTFULLY SUBMITTED

James Martin
735 ½ Center Street
Shelbyville, IN 46176
Phone: (home): (317) 604-5323
Phone: (cellular): (317) 512-6229
Email: jamesamartin3@gmail.com